**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **RONALD HENRY,** | **:** | |
| | **:** | |
| **Petitioner,** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 3:26-cv-59-TES-AGH** |
| | **:** | |
| **DELVIN PEOPLES,** | **:** | |
| | **:** | |
| **Respondent.** | **:** | |

_____

## **ORDER**

Petitioner Ronald Francis Henry has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his August 24, 1994 criminal conviction in the Athens-Clarke County Superior Court for malice murder, armed robbery, and kidnapping with bodily injury.   ECF No. 1 at 1.   This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that

> [t]he clerk must forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A review of this Court's records reveals that Petitioner previously filed two federal habeas corpus petitions challenging this same conviction.   The first petition filed on May 16, 2022, was dismissed as untimely.   *See* R. & R., *Henry v. Chatman*, 3:02-cv-00043-HL (M.D. Ga Sept. 18, 2002) (recommending dismissal of petition as untimely); Order, *Henry*

*v. Chatman*, 3:02-cv-00043-HL (M.D. Ga. December 9, 2002) (adopting recommendation). Petitioner then filed a second federal habeas petition in 2017, which was dismissed as a second or successive petition. *See* Order, *Henry v. McLaughlin*, 3:17-cv-135-CDL-CHW (M.D. Ga. Oct. 19, 2017). On November 22, 2017, the Eleventh Circuit Court of Appeals denied Petitioner's application for leave to file a second or successive petition. *See* Order, *In re Henry*, No. 17-14853-D (11th Cir. Nov. 22, 2017).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant petition challenges the legality of the same state court judgment that was the subject of the previous § 2254 actions filed by Petitioner. Furthermore, Petitioner's May 16, 2022, petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely. *Hutcherson v. Riley*, 468 F.3d 750, 752, 755 (11th Cir. 2006); *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683 (11th Cir. 2019) (per curiam) (citation omitted) (upholding district court's dismissal of habeas petition as "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred"). The current petition is, therefore, second or successive.

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition.[1] This failing operates as a

---

[1]Petitioner denies that he previously filed a federal habeas petition. ECF No. 1 at 5, 12. However, as discussed herein, this is belied by the record.

jurisdictional bar that precludes this Court from considering the merits of the current petition. See U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it).

It is therefore **ORDERED** that the Petition be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).[2]  The Clerk is **DIRECTED** to furnish Petitioner with the standard Application for Leave to File a Second or Successive Habeas Corpus Petition by a Prisoner in State Custody ("28 U.S.C. § 2244(b) Application") that is required by the Eleventh Circuit.

**SO ORDERED**, this 7th day of July, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2]"[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c) . . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)).  Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.

3